UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MATTHEW LEE STASZAK,

    Defendant.

Case No. 12-cr-40064-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendant Matthew Lee Staszak's motion for reconsideration and to compel a forensic examination and/or an *in camera* inspection of a cell phone involved in this case (Doc. 102) and his declaration in support of that motion (Doc. 103). It appears these filings seek some of the same relief Staszak has already sought and been denied from the United States Court of Appeals for the Seventh Circuit. *See* Appeal No. 22-1887. In fact, his motion in this case bears the caption of his appellate case and asks the "Panel,"—there is no "Panel" in the District Court—for relief. Further, the cover letter to his declaration indicates he filed these documents in the District Court "as a courtesy and a notice" to the Court for its review. 6/3/2022 Letter 1 (Doc. 103). To the extent his District Court filings are duplicative of his request to the Court of Appeals, it has already been addressed by the Court of Appeals, and this Court has no jurisdiction to review that decision.

    To the extent Staszak seeks something different from what he sought from the Court of Appeals, the Court does not have jurisdiction to entertain his request. Staszak's motion is a collateral attack on his sentence, so no matter how it is labeled, it is a motion under 28 U.S.C. § 2255. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is a*

motion under § 2255, no matter what title the prisoner plasters on the cover. . . . [T]he name makes no difference. It is substance that controls."). Staszak has already filed a § 2255 motion, *Staszak v. United States*, No. 15-cv-20-JPG, so this is a successive petition. And in order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Staszak's motion (Doc. 102) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  June 10, 2022**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**