UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>MATTHEW LEE STASZAK,<br><br>       Defendant. | Case No. 12-cr-40064-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Matthew Lee Staszak's sealed motion to amend judgment (Doc. 105). In the motion, he asks the Court to reconsider the consecutive nature of one component of his sentence because he has done well in prison.

The Court entered final judgment in this case in 2014 and does not have jurisdiction to modify that judgment in the current circumstances. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009)).

> A district court's jurisdiction to alter a sentence on the defendant's motion is extremely limited. For a brief period after sentencing the court may entertain a motion to reconsider, *United States v. Healy,* 376 U.S. 75, 84 S. Ct. 553, 11 L. Ed.2d 527 (1964); *United States v. Rollins,* 607 F.3d 500, 502-04 (7th Cir. 2010). Otherwise the court is limited by 18 U.S.C. § 3582(c), which precludes modification of a prison term except on motion of the Bureau of Prisons, *id.* § 3582(c)(1)(A), or when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *id.* § 3582(c)(2), or when "expressly permitted by statute or by Rule 35," *id.* § 3582(c)(1)(B). *See United States v. Redd,* 630 F.3d 649, 650-51 (7th Cir. 2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir. 2008).

*United States v. Jumah*, 431 F. App'x 494, 496 (7th Cir. 2011). The First Step Act of 2018, Pub.

L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)), added an additional avenue for an inmate to request relief independently under § 3582(c)(1)(A).

None of these authorities (and Staszak has cited no authority whatsoever) allows the Court to reduce a sentence simply because an inmate has been good and helped others in prison. For this reason, the Court **DISMISSES for lack of jurisdiction** Staszak's sealed motion to amend judgment (Doc. 105).

**IT IS SO ORDERED.**
**DATED:  March 17, 2023**

                                                                           s/ J. Phil Gilbert
                                                                           **J. PHIL GILBERT**
                                                                           **DISTRICT JUDGE**