UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>MATTHEW LEE STASZAK,<br><br>       Defendant. | Case No. 12-cr-40064-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Matthew Lee Staszak's *pro se* motion for "compassionate release" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 109). Staszak pled guilty to multiple charges, but in this case he claims his "extraordinary and compelling reason" for release from prison is that he is actually innocent and has been falsely accused and charged. He asks the Court to hold this motion in abeyance while his father's civil Freedom of Information Act ("FOIA") case, *Daniel L. Staszak v. U.S. Department of Justice*, No. 22-3267-ABJ (D.D.C.), is decided.

**I.     Compassionate Release**

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

## II.     Analysis

On August 5, 2013, the petitioner pled guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2551(a) and (e), two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and one count of failure to appear at a required court hearing in violation of 18 U.S.C. § 3146(a)(1). The Court sentenced the petitioner to serve 240 months in prison. The petitioner did not appeal his conviction.

In seeking what has come to be known as "compassionate release," Staszak asserts he is actually innocent of the charges and that he was falsely arrested and charged. This is not an "extraordinary and compelling" reason justifying relief under 18 U.S.C. § 3582(c)(1)(A)). "There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255," if possible. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023). Likewise, claims of "actual innocence" are not "extraordinary and compelling" and should be made under some other statutory authority better suited to

resolving them.  Indeed, Staszak raised this type of claim in his § 2255 motion but was not successful on the merits.  *See Staszak v. United States*, No. 15-cv-20-JPG, 2020 WL 869467 (S.D. Ill. Feb. 21, 2020).

In fact, it is clear that Staszak's aim in the pending motion is not to seek "compassionate release" through the standard arguments—or even the creative, unusual arguments—about what is an "extraordinary and compelling" reason.  It is, as always with Staszak, a collateral attack on his sentence.  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . .  [T]he name makes no difference.  It is substance that controls.").

As noted above, Staszak has already filed at least one § 2255 motion, so this is a successive petition.  And in order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification.  Therefore, the Court does not have jurisdiction to consider Staszak's motion (Doc. 109) and **DISMISSES** it for **lack of jurisdiction**.  The Court need not await a decision in a related FOIA case to reach this conclusion.

**IT IS SO ORDERED.**
**DATED:  October 24, 2023**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**